RENDERED: MARCH 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0346-MR

BRIAN S. TAYLOR                                                                        APPELLANT

v.
APPEAL FROM PULASKI CIRCUIT COURT
HONORABLE JERRY J. COX, JUDGE
ACTION NO. 14-CR-00206

COMMONWEALTH OF KENTUCKY                                               APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Brian S. Taylor brings this appeal from an October 13, 2020,

order of the Pulaski Circuit Court summarily denying a Kentucky Rules of

Criminal Procedure (RCr) 11.42 motion to vacate his sentence of imprisonment.

We vacate and remand.

In June of 2014, Taylor was indicted by the Pulaski County Grand

Jury upon the offenses of second-degree burglary (Kentucky Revised Statutes

(KRS) 511.030) and theft by unlawful taking over $500 (KRS 514.030). Taylor was accused of unlawfully entering the home of his daughter and taking a television valued over $500, which he eventually pawned.

Pursuant to a plea agreement with the Commonwealth, Taylor entered a guilty plea to the indicted offenses, and by a July 9, 2018, judgment, the circuit court sentenced Taylor to a total of fifteen-years' imprisonment, probated for a period of five years. Subsequently, Taylor violated the terms of his probation. As a result, the circuit court revoked Taylor's probation and imposed the fifteen-year sentence of imprisonment.

On September 24, 2020, Taylor, *pro se*, filed an RCr 11.42 motion seeking to vacate his fifteen-year sentence of imprisonment. In particular, Taylor argued:

> On or about January 13, 2014, [Taylor] removed a 47" flat panel television from the residence where he lived with his son, JEREMY S. TAYLOR[,] and his daughter, TIFFANY M. PARRIMAN (formerly TIFFANY M. TAYLOR), who was the lease holder at the residence. The three occupants were in the process of moving out during this time.
>
> The television was the property of Rent-A-Center, located at 370 S. Highway 27 in Somerset, KY and was rented to both [Taylor] and his daughter, whose names appear together on the rental agreement executed November 1, 2013.
>
> Movant pawned the television on or about January 13, 2014[,] at Dan's Discount Jewelry & Pawn #47 in

-2-

Somerset, KY for $150.00 to buy drugs. [Taylor] later advised his daughter that he had returned home to find the apartment door open and the television missing.

On January 14, 2014, the following day, Mrs. Parriman contacted local police and reported what she believed to be a burglary at the residence. An officer responded to the scene and spoke to all three occupants, who reported that an unknown person had entered the apartment and stolen the television.

On February 26, 2014, Det. R. Jones, Badge #1127, located the television at Dan's Discount Jewelry & Pawn #47 and informed Mrs. Parriman that her father, [Taylor], had pawned it. Mrs. Parriman was understandably upset and advised Det. Jones that she had not consented to her father's actions in pawning the television.

Following this incident, the three occupants moved from the residence and lived elsewhere.

. . . .

Counsel advised [Taylor] that he could be found guilty of burglary 2nd Degree because he had entered the residence that he shared with his two adult children and moved a television that he later pawned. . . .

. . . .

Counsel failed to review the Commonwealth's discovery prior to advising [Taylor] to plead guilty. The discovery contains a copy of the rental agreement for the television listing both [Taylor] and his daughter as the responsible parties. The rental agreement further listed [Taylor's] home address at the residence, which would have established to the Court that he not only lived at the residence, but also that he had a lawful right to possess,

move, and/or transport the television, at least until the time he pawned it. . . .

September 24, 2020, RCr 11.42 motion at 3, 4, 6, and 7. Taylor maintained that he would not have pleaded guilty but for counsel's erroneous advice.

By order entered October 13, 2020, the circuit court denied Taylor's RCr 11.42 motion without an evidentiary hearing. The court reasoned:

> The record establishes that the indictment specifically states that Tiffany Taylor [Parriman] was the owner of the property stolen and that it was her residence which was illegally entered. The Court has reviewed the PSI [Pre-Sentence Investigation] where [Taylor] admits his guilt.
>
> [Taylor] testified under oath that he committed the offenses of 2nd Degree Burglary and felony theft. [Taylor] did not express dissatisfaction with his counsel. [Taylor] gave sworn testimony that he was guilty and had no complaints. Additionally, the plea deal gave [Taylor] significantly less time than if he had gone to trial; the entirety of the sentence was probated for 5 (five) years.
>
> Since the record conclusively refutes the claim that counsel was ineffective, this court denies an evidentiary hearing. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001).

October 13, 2020, Order Overruling at 1. This appeal follows.

Taylor contends that the circuit court erred by summarily denying is RCr 11.42 motion to vacate his sentence of imprisonment because of ineffective assistance of counsel. Taylor alleges that he resided with his daughter at her residence on January 13, 2014, when he removed the television therefrom. Taylor

-4-

also claims that both he and his daughter had rented the television from a Rent-A-Center.  As he resided at his daughter's residence and had leased the television, Taylor argues that he could not have committed the offense of second-degree burglary.  Thus, Taylor claims that trial counsel was deficient for advising Taylor otherwise and that absent same, he would not have pleaded guilty to second-degree burglary but would have insisted upon going to trial.  As his allegations were not refuted upon the record, Taylor alleges he was entitled to an evidentiary hearing and appointment of counsel.

To prevail upon ineffective assistance of counsel claim, a defendant must demonstrate that trial counsel's performance was deficient and that such deficient performance resulted in prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish prejudice in a guilty plea case, a defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  And, an evidentiary hearing is required if there are allegations that cannot be conclusively resolved upon the face of the record.  *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001).

Burglary in the second degree is codified in KRS 511.030; it provides:

> (1) A person is guilty of burglary in the second degree when, with the intent to commit a crime, he or she knowingly enters or remains unlawfully in a dwelling.

Under KRS 511.030(1), a person must enter or remain unlawfully in a dwelling to commit second-degree burglary. *Fletcher v. Commonwealth*, 59 S.W.3d 920, 922 (Ky. App. 2001). Relevant herein, it has been observed that "burglary is not committed by . . . invited guests who enter buildings under privilege even though they have intention to commit crime while there." *Id.*

In this case, Taylor attached the affidavit of Shirley Leslie to his RCr 11.42 motion. Leslie is Taylor's mother. In her affidavit, Leslie states that Taylor "did reside with his daughter and his son at 269 White Oak Circle Apt. A6, Somerset, KY 42501 on January 13, 2014." Leslie's Affidavit at 1. According to the indictment, the offense of second-degree burglary took place on January 13, 2014, and in the house of Taylor's daughter, Tiffany Taylor. Additionally, Taylor attached a document entitled Rental Purchase Disclosures to his RCr 11.42 motion. Therein, the lessor is identified as Rent-A-Center, and the consumers are identified as Brian Taylor and Tiffany Taylor with the following address – 269 White Oak Cir. #6, Somerset, Ky, 42501-4248.

Considering the above, it is clear that Taylor has raised a material issue that cannot be resolved upon examination of the record. If Taylor did, in fact, reside with his daughter and had permission to be in her apartment, Taylor could not have committed second-degree burglary, and any advice by trial counsel to the contrary would constitute deficient performance. *See Fletcher*, 59 S.W.3d at

922; *see also Harrington v. Richter*, 562 U.S. 86, 104 (2011).  Moreover, such deficient performance may be considered prejudicial as a reasonable probability exists that but for trial counsel's deficient performance, Taylor would not have pleaded guilty to second-degree burglary but would have gone to trial.  *See Hill*, 474 U.S. at 59.

For the foregoing reasons, we vacate the Pulaski Circuit Court's order summarily denying Taylor's RCr 11.42 motion and remand for an evidentiary hearing and appointment of counsel.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Reed
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky